IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> vs. <br><br> Hjalmer Spotted Bear, <br><br> Defendant. | Case No. 1:20-cr-00129 |

**ORDER ADOPTING STIPULATION OF FACTS AND REQUIRING FURTHER HOSPITALIZATION FOR TREATMENT**

[¶1] THIS MATTER comes before the Court on a Stipulation of Facts filed by the Parties on May 15, 2023. Doc. No. 67. Counsel in this matter agree the Defendant, Hjalmer Spotted Bear, is not competent to proceed with his revocation hearing based upon the findings included in the Forensic Psychological Report prepared by Ryan Nybo, Psy.D., Forensic Psychologist (Doc. No. 66). They further agree the Defendant should be hospitalized for treatment in a suitable facility until such time, pursuant to statute, the Defendant attains the mental competency for the proceedings to go forward. Doc. No. 67.

[¶2] The determination of whether a defendant is competent to stand trial "is committed to the discretion of the district court." United States v. Whittington, 586 F.3d 613, 617 (8th Cir. 2009); United States v. DeCoteau, 630 F.3d 1091, 1095 (8th Cir. 2011). A district court's competency determination will not be overturned unless arbitrary, unwarranted, or clearly erroneous. Id. The statutory scheme set forth in 18 U.S.C. § 4241(d) affords the Court the discretion to first determine whether the Defendant is competent to proceed. However, the Eighth Circuit has specifically held

that the district court does not have the discretion, prior to a reasonable period of hospitalization in the custody of the Attorney General, to determine whether the defendant will likely attain the capacity to proceed.  U.S. v. Ferro, 321 F.3d 756, 761 (8th Cir. 2003).  Instead, 18 U.S.C. § 4241(d) provides that the Attorney General "shall hospitalize the defendant for treatment in a suitable facility . . . as is necessary" to determine whether the defendant's condition will improve to attain the capacity to proceed to trial.  Thus, if there is a finding of incompetence to proceed, there must be a period of hospitalization.  The district court is required to commit the Defendant to the custody of the Attorney General for a reasonable period of time not to exceed four (4) months to determine whether treatment would allow the hearing to proceed.  See 18 U.S.C. § 4241(d)(1).  Such steps are required regardless of whether the defendant's condition is irreversible.

[¶3]    Upon consideration, the Court **ADOPTS** the Stipulation (Doc. No. 67) in its entirety. Based on the undisputed evidence in the record, the Court **FINDS** by a preponderance of the evidence that the Defendant is not presently mentally competent to proceed with his revocation proceedings and is incapable of participating in the judicial proceedings to determine the validity of the allegations against him.  The Court incorporates by reference into this order each of the specific factual findings made by Dr. Nybo as to the Defendant's lack of competence to proceed. Doc. No. 66. The Court finds that because the Defendant is not mentally competent and is unable to understand the nature and the consequences of the proceedings against him, he is unable to properly assist in her defense.  See 18 U.S.C. § 4241(d).

[¶4]    Dr. Nybo is a well-trained and competent professional whose opinions are reasonable, straight-forward, and unchallenged.  Dr. Nybo is a forensic psychologist who conducted extensive reviews of the Defendant's records and utilized several forensic tests and assessments to formulate his opinions on competency.  The Court finds by a preponderance of the evidence that the

Defendant is not presently competent to proceed with his revocation hearing. As a result, the Court is required to commit the Defendant to the custody of the Attorney General pursuant to the provisions of 18 U.S.C. § 4241(d) in order to determine her capacity to proceed to trial in the foreseeable future.

[¶5]   The Court **ORDERS**, in conformance with 18 U.S.C. § 4241(d), the Defendant shall be committed to the custody of the Attorney General—

(1) For such a reasonable time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

(2) For an additional reasonable period of time until—

(A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

(B) the pending charges against him are disposed of according to law.

whichever is earlier.

Further, if at the end of the time period specified it is determined the Defendant's mental condition has not improved so as to permit proceedings to go forward, the Defendant is then subject to the provisions of 18 U.S.C. §§ 4246 and 4248 (dangerousness assessment and hearing). If the BOP determines that restoration is unlikely, the Court respectfully requests that a dangerousness assessment under the provisions of 18 U.S.C. §§ 4246 and 4248 be conducted at the same time the Defendant is hospitalized.

[¶6]   **IT IS SO ORDERED.**

DATED May 16, 2023.

Daniel M. Traynor, District Judge
United States District Court