**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| United States of America, | |
| Plaintiff, | |
| vs. | Case No. 1:20-cr-00129 |
| Hjalmer Spotted Bear, | |
| Defendant. | |

### ORDER DENYING DEFENDANT'S MOTION FOR RELEASE FROM CUSTODY

[¶1]    THIS MATTER comes before the Court on Defendant's Motion for Release from Custody filed on December 18, 2023. Doc. No. 69. The United States filed a Response on December 18, 2023. Doc. No. 70. Defendant seeks to be released from custody on the grounds that the four-month time limitation in 18 U.S.C. § 4241(d) has passed. The United States argues the four-month statutory competency restoration period does not begin until the Defendant is transported to the treatment facility. For the reasons outlined below, Defendant's Motion (Doc. No. 69) is **DENIED**.

### BACKGROUND

[¶2]    On January 26, 2021, Defendant plead guilty to Count One of an Indictment charging him with Assaulting and Resisting a Federal Officer. Doc. No. 32.  On May 11, 2021, the Court sentenced Defendant to 18-months imprisonment with credit for time served followed by 24-months of supervised release. Doc. No. 41.

[¶3]    On August 25, 2022, the Court issued a Petition for a Warrant for a Person under Supervision. Doc. No. 45. The Petition alleged four violations of Defendant's conditions of

supervision. Id. Defendant appeared before the Magistrate Judge for an initial appearance. Doc. No. 50.

[¶4]    On December 7, 2022, in response to a motion filed by Defendant, the Court ordered him into the custody of the Attorney General for the purpose of an evaluation pursuant to 18 U.S.C. 4241. Doc. No. 65. On May 11, 2023, a psychiatric report was filed finding Defendant incompetent. Doc. No. 66. On May 16, 2023, after adopting the stipulation filed by the parties, the Court ordered Defendant into the custody of the Attorney General to undergo competency restoration proceedings pursuant to 18 U.S.C. § 4241(d). Doc. No. 68.

[¶5]    According to the United States, it received an email from a United States Probation Officer ("USPO") on November 7, 2023, stating Defendant "was designated for restoration at [Medical Center for Federal Prisoners (MCFP)] Springfield." Doc. No. 70 at 3. Additionally, the United States informs the Court it received an email from BOP stating Defendant is due to arrive at Springfield FMC on February 24, 2024. Id.

## DISCUSSION

[¶6]    Defendant requests to be released from custody because the four-month time frame set out in Section 4241(d) has passed. The United States argues the time period does not start until a defendant is transported to the facility. The Court agrees with the United States.

[¶7]    Section 4241(d) provides:

> **(d) Determination and disposition** -- If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General. The Attorney General shall hospitalize the defendant for treatment in a suitable facility –
>
> > (1) **for such a reasonable period of time, not to exceed four months**, as is necessary to determine whether there is a substantial probability that in the

foreseeable future he will attain the capacity to permit the proceedings to go forward; and

(2) for an additional reasonable period of time until –

(A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time   he will attain the capacity to permit the proceedings to go forward; or

(B) the pending charges against him are disposed of according to law; whichever is earlier.

Id. (emphasis added).

[¶8]    Several courts, including Chief Judge Peter D. Welte of this Court, have held that the four-month time period prescribed by Section 4241(d) starts when the defendant arrives at the facility for hospitalization and not upon his commitment to the Attorney General's custody. United States v. Belgard, No. 21-cr-58, 2022 WL 540932, at *4 (D.N.D. Feb. 23, 2022) (finding the "plain language" of Section 4241(d) indicates that four-month time limit applies only to hospitalization); United States v. Castrellon, No. 22-cr-00112, 2023 WL 2330688, at *3 (D. Colo. Mar. 1, 2023); United States v. Berard, No. 22-cr-088, 2023 WL 3178793, at *6-7 (D.N.H. May, 1, 2023);  United States v. Lara, No. 21-cr-01930, 2023 WL 3168646, at *3 (D.N.M. Apr. 28, 2023); United States v. Villegas, 589 F. App'x 372, 373 (9th Cir. 2015); United States v. Magassouba, 544 F.3d 387, 405 (2d Cir. 2008).

[¶9]    The undersigned ordered Defendant committed to the Attorney General's custody under Section 4241(d) on May 16, 2023. Approximately seven months have passed since that order was issued and Defendant has not yet been transferred to a facility. It appears more time will pass before that happens. The Court finds such a delay troubling given defense counsel's assertion that Defendant may not be receiving any treatment while awaiting transport. However, the four-month time frame set out in Section 4241(d) does not start until he arrives at FMC Springfield. Therefore,

Defendant's request to be released on the grounds that that the four-month time limitation has passed is denied.

## CONCLUSION

[¶10]   Accordingly, Defendant's Motion for Release from Custody is **DENIED**.

[¶11]   **IT IS SO ORDERED.**

DATED December 20, 2023.

Daniel M. Traynor, District Judge
United States District Court